UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| FRED GAITHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:08-CV-198-TLS |
| | ) | |
| SUPERINTENDENT, MIAMI | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Fred Gaither, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with the loss of earned credit time in a disciplinary hearing. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and (5) "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, the Petitioner asserts that the conduct report was not timely.

He states that under the Indiana Department of Correction ("IDOC") Adult Disciplinary Procedures ("ADP"), for a conduct report based on an inmate's failing a drug test, the date of the incident is supposed to be the date the positive test is received from the laboratory. The Petitioner claims that the conduct report stated the date the test was conducted instead of the date the facility received the test results. In ground two of his petition, he claims that the "chain of custody" established by the ADP was "broken" because the rules provide that samples are to be mailed out of the facility within twenty-four hours of being collected, but the laboratory did not receive his sample until four days after it was collected.

Section 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from the violation of the Federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief, *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995), and violations of prison disciplinary policies, such as those alleged by the Petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F. Supp. 765, 774–75 (N.D. Ind. 1997).

That the conduct report stated the date of the incident as the date the sample was taken rather than the date the positive test result was received may violate IDOC policy, but it does not constitute a violation of the Federal Constitution or laws. That the facility may have delayed mailing the sample for a day or two also may have violated IDOC policy, but it in no way "breaks" the chain of custody of the sample. The Federal Constitution or laws do not require that a urine sample collected by prison officials be mailed to a laboratory within a specific period of

2

time. That the author of the conduct report may not have followed procedures established by the IDOC states no claim upon which habeas corpus relief can be granted.

For the foregoing reasons, the Court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(1)(A).

SO ORDERED on June 2, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION